Per Curiam.
Respondent’s conduct in representing Barton J. Morehouse as attorney and at the same time entertaining, as District Attorney, a complaint of criminality on the part of Barton’s stepdaughter Elizabeth Cosad, growing out of the controversy which his client Barton had with his stepdaughter, does not have our approval.
However, wTe are prompted to withhold censure in view of the statement made to the Grand Jury, by respondent, at the close of the evidence in that proceeding, to the effect that he at first *37 objected to presenting the criminal charge because he had been attorney for the Morehouse estate, that Morehouse insisted on presentation, that the matter involved a family dispute and should be carefully considered before an indictment was returned, reminding the jurors that the court had directed that their body should not be a collection agency and expressing his personal regret over the matter.
That such a statement had been made could not be known io the Seneca County Bar Association because of the secrecy of the Grand Jury minutes.
In the less populous counties the District Attorneys are fairly extensively engaged in private practice and it is our view that in a situation where a District Attorney has acted in his private practice for any person involved in any official investigation, as complainant or accused he should ask to be superseded to avoid any conduct which might give rise to the suspicion or claim that he was using his office as District Attorney to further his civil practice.
We feel, with regard to the charge referred to in the report of the Referee as “ Healey Charge C ”, that respondent, as attorney for Mrs. Healey, acted voluntarily in assuming control of the evicted stock in trade belonging to Healey, who was not available.
While the Sheriff did accompany respondent and housed the stock for a time, he declined further responsibility, whereupon respondent assumed control of it as a part of Healey’s estate.
Concededly some of it disappeared while it was in the jail and in respondent’s home. Respondent assumes liability for it to the estate of Healey.
However, the evidence docs not sustain the charge that he converted it to his own use.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
Report of the Official Referee confirmed and proceeding dismissed.